Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
Art C. Cody (AC 5515)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
(212) 382-0700
Attorneys for Plaintiff Nevada Apparel Corp.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEVADA APPAREL CORP.,

                Plaintiff,

v.

ARCADIA GROUP BRANDS LIMITED,

                Defendant.

Civil Action No.: 1:06-cv-03986-DLC

### SUPPLEMENTAL DECLARATION OF SHLOMI ASHER IN SUPPORT OF NEVADA APPAREL CORPORATION'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Shlomi Asher hereby declares as follows:

1. I am the President of Nevada Apparel Corporation ("Nevada Apparel"), Plaintiff in the above-referenced civil action.

2. I submit this Supplemental Declaration in further support of Nevada Apparel's Motion for a Preliminary Injunction. I also submit this Declaration in support of a motion for a temporary restraining order to prevent Defendant Arcadia Group Brands Limited ("Arcadia") from continuing to publicize its plans to launch the brand TOPSHOP for retail clothing store services in the U.S. and from taking any other steps to use the mark TOPSHOP for such services in the U.S.

{00773758.1}

3. Our valuable brand TOPSHOP for clothing, developed after many years of hard effort and spent resources, is in dire jeopardy of losing all its commercial value due to the ongoing and willfully blind efforts of Arcadia to commercialize its identical brand TOPSHOP for retail clothing store services in the U.S. Day by day, due to publicity no doubt coordinated by Arcadia, American consumers are coming to associate the brand TOPSHOP with Arcadia and its U.K. based clothing store even though we were doing business under the same mark here first.

4. After several years of trying, we have finally been able to obtain sizable orders for our branded TOPSHOP goods from the major department stores Macy's and Nordstrom. These significant orders are now in jeopardy and Macy's is already questioning our right to use our very own trademark.

5. Just today, The New York Times published an article titled "<u>But Will It Play in Manhattan? A Fashion Hub in London, Topshop Looks to New York</u>" about the imminent arrival of Arcadia into the U.S. market under its "Topshop" brand. A copy of the article is attached as Exhibit A.

6. The article from The New York Times supplements and confirms the report from Women's Wear Daily attached as Exhibit C to my original Declaration. Arcadia has real and immediate plans to invade New York and the U.S. market under the brand "Topshop" for retail clothing store services, and without any regard to the prior U.S. rights of Nevada Apparel in the mark TOPSHOP for clothing.

7. The New York store planned by Arcadia will be immense. The article in The New York Times states that Philip Green, a principal of Arcadia, told reporters in April that the proposed New York store would be 60,000 to 90,000 square feet, a fashion outpost on a scale unmatched in any

American city by any specialty clothing store.

8. The article in The New York Times also states that Arcadia plans to expand its web site in September by offering all the styles of clothing available in its London stores to acquaint American consumers with its goods.

9. The article in The New York Times even suggests that Arcadia has already entered the New York market by introducing a shop within a shop in partnership with Opening Ceremony, a boutique in downtown Manhattan.

10. The harm to Nevada Apparel and its brand TOPSHOP from Arcadia cannot be minimized. According to the article in the New York Times, Howard Davidowitz, a retail consultant, states that Arcadia's entering the New York market with its Topshop store "will be a very big deal" and that such a Topshop store "would really be a powerhouse that would impact every fashion retailer in New York." No one would be impacted more that Nevada Apparel and its brand TOPSHOP for clothing.

11. The article in The New York Times states that Arcadia has made no secret about turning "Topshop" into a global brand. Many companies today try to develop so called "global brands." But foreign trademark owners still need to respect American trademark rights. The Court should not permit a U.K. company such as Arcadia to just waltz into the U.S. market without any regard for our prior rights here in the brand TOPSHOP for clothing.

12. Indeed, the publicity surrounding Arcadia and its plans to use the mark TOPSHOP for its clothing stores in the U.S. has recently caused Macy's, a new customer of Nevada Apparel, to ask us for a letter stating that we own the brand TOPSHOP for clothing in the U.S. I believe that only a temporary restraining order and a preliminary injunction from the Court would help to assuage the

concerns of Macy's and other customers of Nevada Apparel and assure them that we own the rights to the mark TOPSHOP for clothing in the U.S.

13. The New York Times article, and the demand from Macy's, underscore the immediate and irreparable harm caused by Arcadia to Nevada Apparel and its prior trademark TOPSHOP for clothing. Unless this Court grants a temporary restraining order and preliminary injunction, the mark TOPSHOP will soon become worthless to Nevada Apparel, resulting in substantial economic hardship for the company and its customers.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 21, 2006
      New York, New York

_____
Shlomi Asher