Robert C. Faber (RF 7020)
Peter S. Sloane (PS 7204)
Art C. Cody (AC 5515)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
(212) 382-0700

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____         │
│ DATE FILED: _6/23/06_        │
└─────────────────────────────┘
```

Attorneys for Plaintiff Nevada Apparel Corp.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEVADA APPAREL CORP.,

                    Plaintiff,

          v.

ARCADIA GROUP BRANDS LIMITED,

                    Defendant.

Civil Action No.: 1:06-cv-03986-DLC

[PROPOSED] ORDER

          Upon the Complaint filed by Plaintiff Nevada Apparel Corp. (hereinafter referred to

as "Apparel") and the Declarations of Shlomi Asher and Chung Yu, the Supplemental Declarations

of Shlomi Asher and Chung Yu, the Declaration of Art C. Cody, and the accompanying

Memorandum of Law, and all other papers and exhibits, and the conference with the parties on June 23, and it appearing that immediate and

irreparable injury will result unless the temporary restraint and preliminary injunctive relief requested

herein is granted, it is for good cause shown:

          **ORDERED** that, Defendant show cause before this Court on the 21st day of

August, 2006, at 9 30 o'clock a.m. of that day, or as soon thereafter as counsel may be

heard, in Courtroom 11B , United States District Court for the Southern District of New York, United

States Courthouse, 500 Pearl Street, New York, New York 10017, why an Order should not be

{00769524.1}

entered granting Plaintiff a preliminary injunction pursuant to Rule 65 Fed. R. Civ. P. during the

pendency of this proceeding enjoining and restraining Defendant, its officers, agents, servants,

employees and attorneys and all other persons or related companies in active concert or in

participation with it, from:

    A.  Importing, advertising, promoting, distributing, offering or selling any

        products or services under the mark TOP SHOP, or any confusingly

        similar mark, in U.S. commerce;

    B.  ~~Seeking publicity for any goods or services offered under the mark TOP~~

        ~~SHOP, or any confusingly similar mark, in any publications and which~~ *dlc*

        ~~state~~ ~~or imply~~ *dlc* ~~that Defendant may or will or have offered goods or~~

        ~~services in or to customers or consumers in the United States; and~~

*dlc*
*The website as it exists as of June 23, 2006 may continue to function.*

    B.  Maintaining or using any Internet web sites with addresses consisting of

        or comprising the mark TOP SHOP, or any confusingly similar mark,

        which allow ~~access from~~ *orders to be placed by* consumers or retailers or other customers located

        in the United States.

**ORDERED** that pending a hearing in determination of the above motion for a *pursuant to the schedule which shall be set forth in a separate order.*

preliminary injunction, Defendant, its officers, agents, servants, employees and attorneys and those

persons and related companies in active concert or participation with it, is hereby temporarily

restrained and enjoined from doing any of the acts set forth in paragraphs A through B above; and

it is further

        **ORDERED** that Plaintiff shall post a bond in a form approved by the Clerk of the

Court, or by cash or law office or certified check, in the sum of $200,000 as security for the payment

of such costs and damages as may be incurred or suffered by any party who is subsequently found

to be wrongfully enjoined or restrained hereby, such bond to be posted at or prior to ~~the hearing on~~ *June 30, 2006;*

~~Plaintiff's motion for a preliminary injunction~~; and it is further

     **ORDERED** that personal service of this Temporary Restraining Order, together with

copies of the papers in support thereof, may be made on Defendant contemporaneously with the

Temporary Restraining Order referenced herein and that such service be deemed sufficient service;

and it is further

     **ORDERED** that Defendant's answering papers, if any, shall be filed with this Court,

and delivered to the offices of Plaintiffs' attorneys, Ostrolenk, Faber, Gerb & Soffen, LLP,

1180 Avenue of the Americas, New York, New York 10036 so as to be received on or before

_____ at _____ o'clock _____ . Any reply shall be filed and served by Plaintiff on or

before _____ o'clock p.m. on _____, 2006; and

     **ORDERED** that Defendant is hereby put on notice that failure to attend the show

cause hearing scheduled herein shall result in the immediate issuance of the preliminary injunction,

which shall be deemed to take effect immediately upon the expiration or dissolution of the

Temporary Restraining Order granted herein, and shall extend during the pendency of this Action the

same injunctive relief previously granted by the Temporary Restraining Order.  Defendant is hereby

given further notice that they shall be deemed to have actual notice of the issuance and terms of the

above-referenced Temporary Restraining Order.

                                            **SO ORDERED:**

Issued: ____June 23____, 2006

       at _5:05_ o'clock p.m.

                                        Honorable Denise L. Cote

                                        United States District Judge